UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
CASSANDRA BRACKLEY, on behalf of herself and all :
others similarly situated, and DANTE BUTLER, :
individually, : **No. 16 Civ. 288 (JMA) (GRB)**
:
                    Plaintiffs, :
   -against- :
:
RED ROBIN GOURMET BURGERS, INC., :
RED ROBIN INTERNATIONAL, INC., :
SWAN CONCEPTS, INC., RR FAYETTEVILLE LLC, :
RR HALFMOON LLC, RR LATHAM LLC, RR :
POUGHKEEPSIE LLC, JOHN A. SWAN, JR., an :
individual, :
:
:
                    Defendants. :
---------------------------------------------------------------------- X

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS

The above-entitled matter came before the Court on Plaintiffs' Motions for Certification of the Settlement Class, Final Approval of the Class Action Settlement and Approval of the FLSA Settlement; Approval of Attorneys' Fees and Reimbursement of Expenses; and Approval of Service Payments ("Final Approval Motions"). Defendants do not oppose the Final Approval Motions.

After reviewing the Motion for Final Approval, the supporting Memorandum of Law in Support of the Motion for Final Approval (the "Memorandum"), the Declaration of Troy L. Kessler ("Kessler Decl."), and the Declaration of R. Andrew Santillo, and all other papers submitted in connection with Plaintiffs' Final Approval Motions, the Court hereby finds as follows:

1. The Court grants final approval of the $900,000 settlement memorialized in the Settlement Agreement, attached to the Kessler Declaration as Exhibit A, as amended by the Parties' Stipulation Amending the Settlement Agreement and Release, attached to the Kessler Declaration as Exhibit B, and "so orders" all of its terms which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class certification for purposes of effectuating settlement. The Court hereby certifies the following class for settlement purposes pursuant to Fed. R. Civ. P. 23(e):

> All individuals employed as servers in the State of New York by Red Robin Gourmet Burgers, Inc. or Red Robin International Inc. or Swan Concepts, Inc., RR Fayetteville LLC, RR Halfmoon LLC, RR Latham LLC, RR Poughkeepsie LLC, and/or John A. Swan, Jr., at any time during the period January 20, 2010 to December 31, 2016.

3. Shulman Kessler LLP and Winebrake & Santillo, LLC, which the Court previously appointed as Class Counsel, satisfy the adequacy requirements of Rule 23(a)(4).

4. The Court approves the Fair Labor Standard Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

5. The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the Settlement Class who have not timely and properly opted out pursuant to Paragraph 2.6 of the Settlement Agreement, with one exception: Paragraph 5.2 is stricken from the Settlement Agreement. /s/ JMA

6. The attorneys Shulman Kessler LLP and Winebrake & Santillo, LLC, who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Motion for Attorneys' Fees and

2

See *Hall v. Pro Source Techs.*, 2016 WL 1555128, at *9 (E.D.N.Y. Apr. 11, 2016).

awards Class Counsel $300,000.00 in attorneys' fees, which is one-third of the Total Settlement Amount, plus $3,690.20 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by Class Counsel's work negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. These amounts shall be paid from the Qualified Settlement Fund.

7. The Court finds reasonable the service payments of $5,000 to Named Plaintiff and Class Representative Cassandra Brackley, $4,000 to Named Plaintiff Dante Butler, and $3,000 each to Opt-in Plaintiffs Kathleen Hempstead and Denise Gersitz in recognition of the services they rendered on behalf of the Class. This amount shall be paid from the Qualified Settlement Fund.

8. The Court approves the Claims Administrator's fees of no more than $31,551. This amount shall be paid from the Qualified Settlement Fund.

9. If no individual or party appeals this Order, the "Effective Date" of the settlement will be 35 days after the entry of this Order.

10. If an individual or party appeals this Order, the "Effective Date" of the settlement will be the day after the Court's entry of a final order and judgement dismissing this litigation with prejudice after any appeals are resolved.

11. The Litigation is hereby dismissed with prejudice. All Class Members who did not opt out are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

12. The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

13. The parties shall abide by all terms of the Settlement Agreement.

Dated this 6 day of June , 2017.
Central Islip, New York

SO ORDERED:

/s/ Gary R. Brown
--------------------

Hon. Gary R. Brown
United States Magistrate Judge